# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JACQUELENE McKINNEY,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:06-cv-1240-Orl-KRS**

**ORANGE COUNTY, FLORIDA;**
**MARGARET PHIPPS; and GEORGE**
**HART,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT (Doc. No. 20)**
>
> **FILED:**      September 11, 2006

## I. PROCEDURAL HISTORY.

Plaintiff Jacquelene McKinney is employed as a title examiner by Defendant Orange County, Florida (County) in the Title Section of the Real Estate Management Division. Doc. No. 1 ¶ 3. McKinney works under Defendant Margaret Phipps, a supervisor in McKinney's division, and Defendant George Hart, the Manager of the Real Estate Management Division. *Id.* ¶ 4, 6.

On August 18, 2006, McKinney filed a complaint against the defendants for constitutional violations in harassing her at work. Doc. No. 1. McKinney alleges that this action "arises under the First, Fifth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§

1983 and 1988." In Count I of her complaint, McKinney seeks damages for the defendants' violation of her freedoms of speech, association, and equal protection rights. *Id.* at 2. In Count II, she seeks an injunction against the defendants for violating those same constitutional protections. *Id.* at 4.

Thereafter, the defendants filed the present motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), contending that the complaint is vague and ambiguous, contains multiple claims asserted in the same count, and that Count I is improperly incorporated into Count II. Doc. No. 20. McKinney then filed a memorandum in opposition to the defendants' motion. Doc. No. 25.

## II.   LEGAL STANDARD.

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired." "Motions for a more definite statement are not substitutes for discovery. Therefore, [a] motion for more definite statement will only be granted if 'the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself.'" *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1322 (S.D. Fla. 2004) (quoting *Hobbs v. BH Cars, Inc.*, Case No. 04 60327-CIV, 2004 WL 1242838, *2 (S.D. Fla. June 4, 2004)). The movants have the burden of demonstrating that "they cannot respond, even with a simple denial . . .". *Thomas v. Murkerson*, No. 1:04-CV-30(WLS), 2005 WL 2031110, at *2 (M.D. Ga. Aug. 19, 2005).

Generally, motions for a more definite statement are disfavored in consideration of the liberal notice pleading approach under Federal Rule of Civil Procedure Rule 8. *Id*. ("A motion for a more definite statement will be denied where Plaintiff's complaint gives the Defendants fair notice of the nature and basis of the claim as well as a general indication of the type of litigation involved and Plaintiff's complaint contains a short and plain statement of the claim showing that the pleader is entitled to relief" (citations omitted)). Consequently, Rule 12(e) has been implemented to "remedy unintelligibility in a pleading, not merely a claimed lack of detail." *Id.*

### III.   ANALYSIS.

This is not a case in which the complaint is unintelligible. McKinney brings a single claim for damages under 42 U.S.C. § 1983 arising from alleged violations of her constitutional rights. She also seeks injunctive relief in a separate count.

The defendants' argument that they cannot determine what each of them is alleged to have done to violate the law is not well taken. McKinney alleges that each of them harassed her in a variety of ways. She specifically alleges that the individual defendants were aware of and condoned, encouraged, and ratified disparate treatment by others and that Defendant Orange County maintained a policy, custom or practice of according disparate treatment to African-American employees, including McKinney.

Defendants also contend that McKinney improperly incorporated the allegations of Count I into Count II of the complaint. Count II seeks injunctive relief for the same acts that underlie her claim for damages. She could properly have sought both kinds of relief in a single count of the

complaint. Accordingly, no prejudice arises from the incorporation of the allegations underlying Count I into Count II.

### IV. CONCLUSION.

Based on the foregoing reasons, the defendants' motion for a more definite statement, doc. no. 20, is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties