**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACQUELENE McKINNEY,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:06-cv-1240-Orl-KRS**

**ORANGE COUNTY, FLORIDA;**
**MARGARET PHIPPS; and GEORGE**
**HART,**

        **Defendants.**

_____

**SUPPLEMENTAL BRIEFING ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST PHIPPS AND HART, MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST ORANGE COUNTY (Doc. No. 34)** |
| **FILED:** | **January 8, 2007** |

Defendants previously filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), doc. no. 20, which was denied, doc. no. 33. They then filed the present motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). It appears that this is a successive Rule 12 motion which is precluded by Defendants' failure to raise the Rule 12(b)(6) issues in the motion for a more definite statement. *See* Fed. R. Civ. P. 12(g). Rule 12(h) permits the defense of failure to state a claim upon which relief can be granted in any pleading, by motion for judgment

on the pleadings, or at the trial on the merits. A pleading is defined in the rules as a complaint, answer, reply to a counterclaim, answer to a cross-claim, a third-party complaint and a third-party answer. Fed. R. Civ. P. 7(a). Thus, Rule 12(h) does not permit the filing of a Rule 12(b)(6) motion to dismiss after a previous Rule 12 motion has been filed and decided.

Because this issue was not raised by any of the parties, it is appropriate to permit supplemental briefing to permit Defendants to provide any authority that would permit them to file their defense of failure to state a claim upon which relief can be granted in a successive Rule 12 motion. The Plaintiff may, but is not required, to file a memorandum of law on the issue.

Accordingly, it is **ORDERED** that on or before February 23, 2007, Defendants shall, and the Plaintiff may, file a memorandum of law, not to exceed five pages, addressing the question of whether the pending motion to dismiss should be denied because it is a successive Rule 12 motion precluded by Rule 12(g).

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties