# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JACQUELENE McKINNEY,

                **Plaintiff,**

-vs-                                       **Case No.  6:06-cv-1240-Orl-KRS**

ORANGE COUNTY, FLORIDA;
MARGARET PHIPPS; and GEORGE
HART,

                **Defendants.**

_____

## ORDER

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST PHIPPS AND HART, MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST ORANGE COUNTY (Doc. No. 34)** |
| **FILED:** | **January 8, 2007** |

## I.   PROCEDURAL HISTORY.

       On August 18, 2006, Plaintiff Jacqueline McKinney filed a complaint against Defendants Orange County, Florida (County), Margaret Phipps and George Hart for constitutional violations arising from alleged harassment of her at work.  Doc. No. 1.  McKinney alleges that this action "arises under the First, Fifth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983 and 1988."  In Count I of her complaint, McKinney seeks damages for the

defendants' violation of her freedoms of speech and association, and her equal protection rights. *Id.* at 2.  In Count II, she seeks an injunction against the defendants for violating those same constitutional protections.  *Id.* at 4.

In September 2006, the defendants filed a joint motion for a more definite statement under Federal Rule of Civil Procedure 12(e).  Doc. No. 20.  McKinney filed a response, doc. no. 25, and in December 2006, the motion was denied, doc. no. 33.  The defendants have now filed  a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Doc. No. 34.  McKinney responded. Doc. No. 36.  The matter is ripe for review.[1]

## II.    ALLEGATIONS OF THE COMPLAINT.

McKinney is employed as a title examiner by the County in the Title Section of the Real Estate Management Division.  Doc. No. 1 ¶ 3.  McKinney works under Phipps, a supervisor in McKinney's division, and Hart, the Manager of the Real Estate Management Division.  *Id.* ¶ 4, 6. Phipps and Hart are Caucasian, and McKinney is an African-American woman.  *Id.* ¶ 8.

The County maintains a policy, custom, or practice of according disparate treatment to African-American employees.  *Id*. ¶ 12.  The defendants "continually and regularly harass [McKinney], by taking actions including but not limited to the following:" Doc. No. 1 ¶¶ 8, 9.

---

[1]  I ordered the defendants, and McKinney if she chose, to submit supplemental briefing on whether the present motion was barred by Federal Rule of Civil Procedure 12(g).  Doc. No. 37.  The defendants responded.  Doc. No. 38.  The defendants cite Charles Alan Wright & Arthur R. Miller, 5C *Federal Practice and Procedure Civil* 3d § 1388, for the proposition that "[i]n an appropriate case, the district court may exercise its discretion and permit a pre-answer second Rule 12 motion even when the defendant's initial motion for a more definite statement or to strike is denied." Because of the practical importance of a motion to dismiss based on qualified immunity, and because the motion to dismiss Count II on mootness grounds was not available when the motion for a more definite statement was filed, I exercise my discretion to consider the merits of the motion to dismiss.

a.      Threatening [McKinney] with both verbal comments and nonverbal gestures;

b.      Moving and concealing files in [McKinney's] possession, so that when [she] looks for the files, they are missing;

c.      Criticizing [McKinney's] work of which Defendants had previously approved, in order to harass [McKinney];

d.      Publicly humiliating [McKinney] for the sole purpose of harassing [her]; and,

e.      Creating situations in which [McKinney] cannot possibly fulfill the duties set out for [her], so that Defendants can then criticize [McKinney] for her nonfulfillment of those duties.

*Id*. at ¶ 9.  Additionally, the defendants have taken "retaliatory measures" for McKinney's "casual, social interaction with co-workers[,] including but not limited to admiring another woman's flowers, or going to lunch off-site with a co-worker." *Id*. ¶ 10.  The defendants "have taken similar actions against other African-American employees . . . [but] not against Caucasian employees." *Id*. ¶ 11.

Phipps and Hart were "aware of and condoned, encouraged, and ratified the disparate treatment to African-American employees." *Id*. ¶ 13.  Indeed, they persisted in this conduct even after McKinney initiated an internal investigation. *Id*. ¶¶ 17, 19.  They intimidated McKinney's co-workers into not complying with the investigation, and retaliated against McKinney for initiating the grievance process. *Id*. ¶¶ 18-19.  They also made statements with racial undertones, which display racial prejudice. *Id.* ¶ 14.

This conduct has created a hostile work environment causing McKinney significant stress. *Id*. ¶¶ 15, 16.

**III.    STANDARD OF REVIEW.**

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *see also Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986) (holding that the issue in a Rule 12(b)(6) motion to dismiss "is not whether [the plaintiff] will ultimately prevail on [his or her claim], but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove the[] allegations.").

**IV.    ANALYSIS.**

The defendants argue that the complaint fails to state a claim under § 1983 for any violation of McKinney's constitutionally protected rights of freedom of speech, freedom of association, and equal protection[2]; that Defendants Phipps and Hart are entitled to qualified immunity; and that the count seeking a permanent injunction is moot because McKinney is no longer employed by the County.

---

[2]    The proper source of McKinney's equal protection challenge is the Fourteenth Amendment. This is because the Fifth Amendment applies only to the federal government, while the Fourteenth Amendment applies to state actors. *See, e.g.*, *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 n.4 (11th Cir. 2003).

A. *Mootness*.

McKinney acknowledges that she is no longer employed by the County.  Doc. No. 36 at 1 n.1.  Accordingly, she concedes that Count II of the complaint, which seeks an injunction prohibiting future conduct, is moot.  *Id*.

B. *Individual Liability*.

A district court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when the complaint's allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001).  Qualified immunity is an affirmative defense to a § 1983 action, and may be raised at the motion to dismiss stage.  *Id*.

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).  The Supreme Court has set forth a two part analysis for determining whether individual defendants violated clearly established rights.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  As a threshold question, the court must first ask whether the facts alleged, taken in the light most favorable to the plaintiff, show that the government official's conduct violated a constitutional right.  *Id.*  If the complaint alleges the violation of a constitutional right, the court must determine whether that right was clearly established at the time of the violation.  *Id.*  The United States Court of Appeals for the Eleventh Circuit has held that in cases such as this, "the qualified immunity inquiry and the Rule

12(b)(6) standard become intertwined." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1366 (11th Cir. 1998).

Generally, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, in "civil rights cases, especially those involving the defense of qualified immunity," the United States Court of Appeals for the Eleventh Circuit requires that "a § 1983 plaintiff allege with some specificity the facts which make out its claim." *GJR Invs., Inc.*, 132 F.3d at 1367. The requirement of factual detail is particularly important in this case because the Court must determine whether the individual defendants' actions violated clearly established rights. *Id.* McKinney concedes that this heightened standard applies to her complaint. Doc. No. 36 at 2.

McKinney's complaint does not contain the necessary level of detail to support her claims that Phipps and Hart's conduct violated her constitutional rights. With respect to her assertion that the individual defendants violated her First Amendment right to free speech, it is not clear what expression she contends is protected. "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 126 S. Ct. 1951, 1957 (2006). If McKinney contends the protected speech was admiring another woman's flowers, doc. no. 1 ¶ 10, her claim would be insufficient as a matter of law because admiring another woman's flowers is not a matter of public concern. If McKinney contends that some other expression, such as filing an internal grievance, is the protected speech,

-6-

she must clearly articulate the facts surrounding the filing (including when the grievance was

made, to whom it was delivered, whether it was made verbally or in writing, and the subject matter

of the grievance).

Similarly, the facts as alleged in the complaint do not establish any protected association

under the First Amendment.  The right to freedom of association protects  "intimate association,"

which relates to "personal relationships that attend the creation and sustenance of a family –

marriage, childbirth, the raising and education of children, and cohabitation with one's relatives,"

and "expressive association," which relates to association for purposes "of engaging in activities

protected by the First Amendment, such as speech, assembly, petition for the redress of grievances,

and the exercise of religion."  *Cummings v. DeKalb County*, 24 F.3d 1349, 1354 (11th Cir. 1994).

The "casual, social interaction" alleged in the complaint, doc. no. 1 ¶ 10, is the type of

"generalized social association" that is not protected by the First Amendment.  *See City of Dallas

v. Stanglin*, 490 U.S. 19, 25 (1989)(Freedom of association is defined as something more than

"generalized  . . . 'social association.'").

Finally, the allegations of the complaint are insufficient to state a violation of the Equal

Protection Clause.  Bare allegations that others were treated differently do not state an equal

protection claim; "a complaint must attempt to show in some fashion that these 'other' [persons]

were situated similarly to the plaintiff."  *GJR Invs., Inc.*, 132 F.3d at 1367-68.

C.      *Liability of the County.*

The Supreme Court has held that "municipalities and other bodies of local government are

'persons' within the meaning of [§ 1983].  Such a body may therefore be sued directly if it is

alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)). "A plaintiff . . . has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Id.* To prove § 1983 liability based on custom, a plaintiff must establish "a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law. . . . In other words, a longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991)(internal quotations and citations omitted). The heightened standard of pleading applicable to the cause of action asserted against the individual defendants does not apply to the cause of action against the County. *GJR Invs., Inc.*, 132 F.3d at 1368 (citing *Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 167-68 (1993)).

Here, McKinney alleges that the County "has maintained a policy, custom, or practice of according disparate treatment to African-American employees." Doc. No. 1 ¶ 12. She alleges that Phipps and Hart made statements with racial overtones, and that they were aware of and condoned, encouraged and ratified disparate treatment to African-American employees such as those specifically described in paragraphs 9 and 10 of the complaint. She does not allege that either Phipps or Hart had final policymaking authority for the County.

"Policymaking authority is not conferred by the mere delegation of authority to a subordinate to exercise discretion." *Wilson ex rel. Estate of Wilson v. Miami-Dade County*, No. 04-23250-CIV-MOORE, 2005 WL 3597737, at * 8 (S.D. Fla. Sept 19, 2005).  Moreover, the question of who has final policymaking authority for a county is determined as a matter of state law.  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 737 (1989)(citing *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988)).  In addition to failing to allege that either Phipps or Hart had final policymaking authority for the County with respect to the matters at issue, McKinney did not reference any state law supporting a finding that Phipps or Hart have such authority in her response to the motion to dismiss.  Accordingly, at present the complaint fails to state a claim on which relief could be granted.

Accordingly, the motion to dismiss is due to be granted in all respects.  McKinney will be given an opportunity to file an amended complaint, if such amendment can be made consistently with the requirements of Federal Rule of Civil Procedure 11.

## V.    CONCLUSION.

For the foregoing reasons, Defendant's Dispositive Motion to Dismiss Plaintiff's Complaint Against Phipps and Hart, Motion to Dismiss Plaintiff's Complaint Against Orange County, doc. no. 34, is **GRANTED**.  It is **ORDERED** that Count I of the complaint is **DISMISSED** as to all defendants without prejudice. It is further **ORDERED** that Count II of the complaint is **DISMISSED** as to all defendants with prejudice.  It is further **ORDERED** that

McKinney may file and serve an amended complaint, consistent with the findings contained in this

Order, on or before April 27, 2007.  Failure to do so will result in the case being closed.

      **DONE** and **ORDERED** in Orlando, Florida on April 13, 2007.

*Karla R. Spaulding*
      KARLA R. SPAULDING
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties