# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JACQUELENE McKINNEY,**

        **Plaintiff,**

**-vs-**          Case No. **6:06-cv-1240-Orl-KRS**

**ORANGE COUNTY, FLORIDA;**
**MARGARET PHIPPS; and GEORGE**
**HART,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF AND DOCUMENTS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (Doc. No. 43)
>
> **FILED:** May 10, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On May 10, 2007, Defendants Orange County, Florida, Margaret Phipps, and George Hart filed and served the present motion seeking an order compelling Plaintiff Jacquelene McKinney to provide complete answers to their First Set of Interrogatories and to produce documents in response to their First Request for Production of Documents.

Pursuant to the Case Management and Scheduling Order, McKinney was required to file a response to this motion within eleven days after it was served, plus three days for mailing time. Doc. No. 29 at 5 n.2. McKinney has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

Accordingly, it is **ORDERED** that, on or before June 13, 2007, McKinney shall provide complete answers to the defendants' First Set of Interrogatories. All objections to the interrogatories, other than privilege or protection, have been waived by McKinney's failure to assert them in a timely response to the interrogatories. To the extent that McKinney asserts that information responsive to the interrogatories is privileged or protected, McKinney must assert those objections to each item of information withheld in a privilege log served on or before June 13, 2007.

It is further **ORDERED** that, on or before June 13, 2007, McKinney shall produce documents responsive to the defendants' First Request for Production of Documents within her possession, custody, or control for inspection and copying. All objections to the requests, other than privilege or protection, have been waived by McKinney's failure to assert them in a timely response to the requests. To the extent that McKinney asserts that responsive documents, or portions thereof, are privileged or protected, she must assert those objections as to each document, or portion thereof, withheld from production in a privilege log served on or before June 13, 2007.

The privilege log produced by McKinney, if any privileges or protections are asserted, shall set forth the privilege or protection relied upon and specify as to each item or information, document, or portion thereof, withheld from production the following information:

    a.    The name and job title or capacity of the author or speaker;

   b. The name and job title or capacity of each recipient or listener;

   c. The date the information or document was learned or prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

   d. The title and description of the information or document;

   e. The subject matter addressed in the information or document;

   f. The purpose(s) for which it was prepared or communicated; and

   g. The specific basis for the claim that it is privileged.

The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection. *See, e.g.,* Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).

  The defendants also seeks an award of the reasonable expenses they incurred in bringing the present motion. Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the objections made to the discovery were substantially justified or that other circumstances make an award of expenses unjust. Having filed no response to the motion, McKinney has not presented any basis to conclude that her failure to respond to the discovery request was substantially justified or that other circumstances make an award of expenses unjust. Accordingly, it is **ORDERED** that, on or before June 13, 2007, Jacquelene McKinney shall tender to counsel for the defendants the sum of $500.00 to compensate the movants, in part, for the attorneys' fees and costs they incurred in filing the motion to compel.

Finally, it is **ORDERED** that the defendants have leave to reopen the deposition of Jacqueline McKinney for an additional period not to exceed one day of seven hours to inquire about the information produced in response to this order.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties